## Sears v. Sears (two cases)'.

Feb. 7, 1941.

W. N. Flippin, guardian ad litem.
Ben D. Smith for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On June 23, 1924, the appellee, Ruth T. Sears, in the two cases stated in the caption, was the wife of J. Ernest Sears, the appellant in the same cases, and that relationship has continued since then. On that day S. S. Morrow and wife (both of whom died before the institution of these actions) conveyed to Ruth T. Sears a residence in the city of Somerset, Kentucky, with the lot on which it stood, in consideration of $4,100, evidenced by the note of both Mr. and Mrs. Sears. No part of the consideration was then paid and the note was for the whole of it. The transaction was qualified by a parol agreement that the deed should be held by a bank located in Somerset in escrow until the note representing the consideration was paid. Morrow thereupon delivered both the deed and the note to the bank pursuant to that collateral agreement. Payments were made on the note from time to time and on July 16, 1940, it had been

reduced to the sum of $2,700. There was also due at that time by Mrs. Sears to materialmen and workmen the sum of $300 incurred for needed repairs to the residence on the lot conveyed, making her total indebtedness for the property at that time the sum of $3,000.

In the meantime the husband, appellant, J. Ernest Sears, had become insane and was so adjudged in a properly conducted inquest proceeding, in which the wife was appointed and qualified as committee for her husband. On the latter date she, individually and as committee for her husband, filed an equity action against him in the Pulaski circuit court pursuant to the provisions of Section 2150a of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, in which she averred the foregoing facts and asked for an adjudication permitting her to mortgage the property to secure a $3,000 note—which she proposed to execute to the same bank— with monthly payments throughout an agreed period necessary to extinguish the note, and which she averred was acceptable to the bank. Five days prior to the filing of that action, and on July 11, 1940, she had filed another one in the same court against her husband and herself, as his committee, in which she averred that since the execution of the deed by S. S. Morrow and wife, and some time during the period while it was held in escrow, someone, unknown to her, had through fraud, oversight or mistake altered it by inserting in writing just in front of her name as a grantee therein the name of her husband, thus making it appear that the conveyance was originally made to both of them jointly, when the fact was that there never was any such joint conveyance and that the unauthorized alteration was void. She prayed that the name of her husband as a grantee in the deed be expunged and that she be adjudged the sole grantee of the property.

The two actions were consolidated after proper process was had on her mentally incompetent husband as is provided by law. In the meantime a guardian ad litem was appointed for the incompetent husband and defendant, who filed his report in each case and in which he said that he could make no defense. After the filing of proof the two cases, as consolidated, were submitted for judgment and the court sustained the prayer of both petitions, followed by these appeals prosecuted by the guardian ad litem for the husband.

The proof taken in the cause established beyond a doubt that the deed when executed in 1924 contained but one grantee, who was the plaintiff in these two actions, and that the name of her husband nowhere appeared in that conveying instrument, as grantee or otherwise. Among the witnesses who testified was W. M. Morrow, a brother of the grantor, who is now and was at the date of the execution of the deed a prominent attorney in the city of Somerset. He drafted the involved deed for his brother, and his testimony most positively sustained the allegations of the petition seeking a reformation of the deed in the manner hereinbefore pointed out with reference to the grantee therein. The other proof corroborated that given by the draftsman of the deed, and the certificate of the notary who took the acknowledgment of the grantors stated that the wife (plaintiff, Ruth Tibbals Sears) was the sole grantee therein. It was also proven that the alteration, whereby plaintiff's husband's name appeared to be a joint grantee in the deed, was not in his handwriting and, therefore, there was no proof as to who made the alteration, nor any testimony relating to the circumstances under which it was done, except there was proof that whoever made the insertion did so without the knowledge or consent of Mrs. Sears, the sole grantee in the deed when originally executed and delivered to the bank in escrow. The court, therefore, properly expunged the name of the husband therefrom as a grantee therein.

Nevertheless the husband possessed, after such expunging, an inchoate right of dower or curtesy in and to the involved real estate, and it was necessary for the pledging of such inchoate interest to the bank—as the contemplated mortgagee to secure the $3,000 to be borrowed was intended to do—that he join in the mortgage in some manner whereby his inchoate interest would be placed in pledge, and it was for the accomplishment of that purpose that the other action was filed under the provisions of the section of the statute, supra (2150a). That case was practiced strictly in accordance with the provisions of that section, the constitutionality of which is not, and we think may not be, questioned.

The guardian ad litem for the husband, who prosecutes the appeal in the name of the latter, states in the paper he filed in this court, which he designates as a brief, that—"I believe the judgment of the lower court

374

is correct, for which reason I am unable to point out any error in the judgment." However, he makes the further statement that he prosecuted the appeal through abundance of caution in order to procure a final determination of the rights of all interested parties.

In the consideration of the appeal we have made an independent investigation as to the law bearing upon the questions raised from the facts presented and we have been unable to find any adjudication or any statute militating against the correctness of the judgment rendered by the trial court. The questions raised in the action seeking a correction of the deed (or rather the elimination therefrom of .the fraudulent alteration referred to) is one of undoubted equitable cognizance and only in such forum may proper relief be obtained; whilst the statute with equal certainty furnishes a remedy for the execution of the proposed mortgage in which the inchoate interest of the mentally incompetent husband may become pledged for the benefit of the mortgagee.

Wherefore, the judgment is affirmed.